## WEED SEWING-MACHINE CO. *v.* BAKER *et al.*

*(Circuit Court, E. D. Missouri.   October, 1880.)*[1]

QUIETING TITLE—PRIVITIES.

 The legal title to certain land was in one F., subject to the equities of J.  Plaintiffs brought suit to quiet title against F., and obtained a decree, to which J. was not a party, though he was in possession at the time the suit was brought, claiming as purchaser from F.  *Held*, that J. was not in privity with F., and was not bound by the decree against him, and the decree did not vest the legal title in plaintiff as against J.

At Law.   Action in ejectment.
*Daniel Dillon*, for plaintiff.
*Dryden & Dryden*, for defendants.

McCRARY, J., *(orally.)*   In this cause the parties waived a jury, and have had a hearing upon the merits before the court.   The action is ejectment, to recover certain real estate within the district.

The facts, so far as it is necessary to state them, are as follows:   Prior to the commencement of this suit the plaintiff had recovered in this court a decree in chancery against the defendants Franklin Baker and James W. Baker, (but not against defendant John Baker,) quieting title to the land in question in the plaintiff.   It is admitted that prior to that decree the legal title was in Franklin Baker, subject to the equities of the defendant John Baker, who was not a party to the decree, and who was in possession at the time of the commencement of the chancery suit, and is still in possession, claiming an interest as purchaser from Franklin Baker.   The plaintiff offered the decree as sufficient evidence of his title and right to possession as against all the defendants.   The defendant John Baker objected, and on his behalf it is insisted that he is not bound by the decree, since he was no party to it; and, further, that the plaintiff cannot recover as against him upon that proof alone.   The plaintiff insists that the decree is sufficient to vest the legal title in it, and that the claim of defendant John Baker upon the land is necessarily equitable in its character, and therefore such as cannot be set up as a defense to an action of ejectment in this court.

It is very clear that no one can be bound by a judgment or decree unless he be a party, or in privity with a party.   This, for the reason that he has had no opportunity to be heard, to cross-examine witnesses, or to offer evidence in furtherance of his rights.   It is therefore held that, while a decree may be admissible in evidence to prove the fact of its rendition, with all its legitimate consequences, it cannot affect in the least the rights of any but parties and privies.   A party in possession of land, claiming an interest as purchaser, or under a contract to purchase, is not in privity with his grantor.   On the contrary, his claim is adverse to his grantor, and it must follow that he is not bound by a decree against the latter in a case to which he is not a party, and rendered

Publication accidentally omitted.

in a suit commenced after he purchased and took possession. Those principles, I think, apply with all their force to this action in ejectment. The plaintiff in the decree against Joseph W. and Franklin Baker acquired the legal title only as against them and those in privity with them. It is not a violation of the rule that the legal title must prevail in an action of ejectment to hold that the legal title is not established in the plaintiff as against the defendant John Baker. The case will be dismissed, unless the plaintiff elects to take a nonsuit.