FULKS, *Appellant*, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

Division One, July 2, 1892.

1. **Railroad**: MOVING TRAIN: PASSENGER: NEGLIGENCE.  It is not neg- ligence as a matter of law for a passenger to attempt to get on a slowly moving train, especially at a platform.

111  335
128   73
111  335
65a 484
111  335
82a 579
111  335
96a ⁵369
111  335
102a ¹282

2. ———: ———: INSTRUCTION: AIDER.   Nor is an instruction declaring such act negligence *per se* cured by one that the jury should find for the plaintiff, unless the accident was caused by his fault or negligence.

3. ———: ———: ———: QUESTION FOR JURY.   Whether or not the passenger was warned by the trainmen not to get on the train was, the evidence being conflicting, a question for the jury.

4. ———: ———: ———: INSTRUCTION.   An instruction is proper that if he attempted to board the moving train, after being warned by the men in charge thereof not to do so, he could not recover.

5. **Contributory Negligence**: INSTRUCTION.   Instructions are erroneous which in an action for negligence impose upon the plaintiff the burden of showing he was not guilty of contributory negligence.

6. **Practice**: INSTRUCTIONS.   An instruction inapplicable to the evidence, though abstractly correct, is properly refused.

*Appeal from Jasper Circuit Court.*

REVERSED AND REMANDED.

*S. A. Haseltine* for appellant.

(1) The plaintiff had a ticket, was on defendant's premises and platform, ready to take its train which carried passengers. He was a passenger. Patterson on Railway Accident Law, pp. 212, 213; 2 Wait's Actions & Defenses, 65; 2 Redfield on Railways, 303, note "*c*," and cases cited.   (2) The plaintiff had the right to be treated by the defendant as a common carrier should treat its passengers. And defendant had no right to compel plaintiff to choose between the inconvenience of being left and lose his job, or take the hazard or risk, if any, of getting on its train kept slowly in motion.   But the defendant, having compelled the plaintiff to choose, is responsible for the result of that choice. Thompson on Carriers, 229; 2 Wood on Railroad Law, 1131.   (3) The plaintiff had

a right to rely upon the orders and directions of the defendant's servants, who were in charge of their train, and supposed to know when it is safe to receive passengers. Defendant cannot order an act done, and then claim it is contributory negligence to obey. *Morrissey v. Ferry Co.*, 47 Mo. 521; *Fortune v. Railroad*, 10 Mo. App. 255; *Burns v. Railroad*, 50 Mo. 139; *Fuller v. Railroad*, 59 N. Y. 351; *Burcher v. Railroad*, 98 N. Y. 128; *Wyatt v. Railroad*, 62 Mo. 408; *McGee v. Railroad*, 92 Mo. 208–219; *Tibby v. Railroad*, 82 Mo. 292; *McIntyre v. Railroad*, 37 N. Y. 286; 2 Redfield on Railways, 278, and note, and cases cited; Thompson on Carriers, p. 227, and note 6, and cases cited. (4) The rule in regard to getting on and getting off a train in motion is the same. (It is sometimes as inconvenient to be left as it is to be carried past a station, and as great an injury to one's business. Plaintiff had to go or lose his job.) *File v. Railroad*, 49 N. Y. 47; *Swigert v. Railroad*, 75 Mo. 475; *Price v. Railroad*, 72 Mo. 414. (5) It is not negligence *per se* to attempt to get on a slowly moving train. 75 Mo. 475; 59 Mo. 27–37; 12 Atl. Rep. 821; 6 Pac. Rep. 587; 46 Tex. 356; 27 Wis. 158; 26 Mo. App. 336; 29 Mo. 495; 13 Atl. Rep. (Md.) 387; 65 Ga. 746; 61 Md. 53; 55 Mo. 485; 53 Mo. 509; 72 Mo. 414. (6) If the plaintiff was guilty of negligence in attempting to get on the slowly moving train, he may recover if the defendant could have prevented the injury. 75 Mo. 475; 95 Mo. 232; 56 Mo. 338.

*E. D. Kenna* for respondent.

(1) The employes of defendant did not by their direction or advice negligently induce plaintiff to believe that it was safe for him to get upon the train

while it was in motion.   (2) The plaintiff was guilty of contributory negligence.

BLACK, J.—Plaintiff brought this suit to recover damages for injuries which he received while attempting to get on a freight train at a station called Racine, intending to go to another station called Seneca.

The petition is somewhat complicated in its averments, but we understand it to state these facts:   That defendant undertook and attempted to take plaintiff on its train and carry him from Racine to Seneca, but did so negligently in this, that defendant negligently kept the train in motion while passing the station platform, and required him to get on while the same was in motion; that in making the attempt his foot slipped, and the motion of the cars threw him down.

The answer is a general denial, and it then sets up negligence on the part of the plaintiff in this, that he negligently endeavored to get on the train while the same was in motion, and while it was in the act of stopping for the purpose of allowing him to get on, and that he refused to wait until the train could be stopped.

The plaintiff was in the habit of going back and forth between the above-mentioned stations.

This freight train was standing on a sidetrack to allow an east-bound train to pass.   Plaintiff says he started towards the caboose, intending to get on before the train backed out, but "they" told him to go back to the platform, that the train backed out on the main track, and when it started towards the platform he flagged it with his hat in his hand.   Speaking of the trainmen, he says they said to him "get on" or "go and get on," that one of them motioned to him from the engine to get on, and a man on the front end with a cap on said "jump on."

Another witness for the plaintiff says he was on the station platform with the plaintiff, that some one signaled the train to stop, and the engineer answered the signal, that some one from the engine called out to plaintiff to jump on. This witness says, "I think he told him as many as three times to jump on." As the train was passing the platform, the plaintiff took hold of the railing at the front end of the caboose, and made an effort to get on, but slipped and fell, and a car-wheel passed over his foot inflicting the injuries of which he complains. All the witnesses say the caboose was moving slowly as it passed the platform. One witness says is was going about as fast as a man would ordinarily walk. The train stopped after the caboose had passed three or. four carlengths beyond the platform.

The trainmen testified on behalf of defendant that they did not direct the plaintiff to get on. Some of them say the plaintiff was catching at the cars as they passed the platform, and they told him not to get on, that they would stop for him, that they picked him up and put him in the caboose after he was injured, that he had been drinking, and they found a bottle of corn whiskey in his pocket. He is spoken of by some of the witnesses as an old man. He says in the most positive terms that he had not been drinking that day, that he was not in the habit of drinking, and that he never drank whiskey. There is evidence that the reputation of one witness for plaintiff and one for defendant, for truth and veracity, was bad; and there is evidence that other witnesses for the defendant were men of bad moral character.

The plaintiff complains of the following instructions given at the request of the defendant: "5. The court instructs the jury that if the defendant's servants in charge of the train did not give plaintiff permission,

or direct him to get upon it while it was moving, then his attempt to do so was negligence, no matter how slowly it was moving, and you will find for the defendant.

"6. The court instructs the jury that the attempt of plaintiff to get upon a moving train was in itself negligence, and that the burden is upon the plaintiff to relieve himself of such imputation of negligence by showing that he had permission or was directed to do so from the employes of defendant in charge of the said train."

These instructions, it will be seen, assert in the most emphatic terms that it was negligence *per se* on the part of the plaintiff to get on the car while the train was moving, no matter how slowly it was moving, unless he was directed to do so by the men in charge of the train. The proposition of law thus asserted is in direct conflict with many cases decided by this court. To attempt to get on or off a train in rapid motion would be an act of gross negligence; but it is generally held that the courts will not, as a matter of law, declare a person guilty of contributory negligence who attempts to get on or off a train while it is moving slowly, especially at a platform. The question of contributory negligence in such cases is one of mixed law and fact, and should be determined by the jury, under the guide of proper instructions, in the light of all the attending circumstances. Such has been the repeated ruling of this and other courts. *Doss v. Railroad*, 59 Mo. 27;. *Swigert v. Railroad*, 75 Mo. 475; *Leslie v. Railroad*, 88 Mo. 51; *Clotworthy v. Railroad*, 80 Mo. 221; *Straus v. Railroad*, 75 Mo. 185; *Weber v. Railroad*, 100 Mo. 194; *Filer v. Railroad*, 49 N. Y. 47; *Bucher v. Railroad*, 98 N. Y. 128; *Johnson v. Railroad*, 70 Pa. St. 357.

But it is said, the undisputed evidence shows that the trainmen warned the plaintiff not to get on the car

while the train was moving, and that in view of this state of the case the instructions are right. We think if it should be found that he did receive such warning, and in spite of it attempted to get on the moving train, then he cannot recover. But the evidence did not justify the trial court, nor will it justify this court, in assuming that he received such warning. There is much evidence to the effect that the trainmen, instead of warning him not to get on, directed him to get on. It was for the jury, not the court, to say what directions he received from the trainmen. It is, therefore, clear that these instructions cannot be upheld on the ground that it stands as an undisputed fact that plaintiff was warned not to get on the train.

Nor are these instructions aided by the first given by the court of its own motion. That instruction directs a verdict for plaintiff if the jury should believe the facts therein stated, "unless the jury believe that said accident was caused through the fault or negligence of the plaintiff." This instruction, by the words quoted, refers back to the other instructions for directions as to what would constitute fault or negligence on the part of plaintiff, so that the erroneous instructions are in no way modified. They stand in full force without any qualification whatever.

These instructions are faulty for the further reason that they place the burden of proof upon the plaintiff to show that he was not guilty of contributory negligence. Whatever the law may be elsewhere, it is well settled in this state that contributory negligence is a matter of defense. The burden is upon the defendant to plead such a defense, and to sustain it when pleaded, by proof.

There is the further contention that these instructions do no more than confine the jury to the issues made by the pleadings. If it be conceded that the

plaintiff's cause of action is, by the petition, made to stand on the sole ground that defendant negligently directed him to get upon the train while in motion, still this does not cure the error in those instructions. They undertake to tell the jury what will constitute contributory negligence on the part of the plaintiff, and they should make out a case of contributory negligence. Now they charge the plaintiff with negligence because of his attempt to get on the train while in motion, unless directed so to do by the servants in charge of the train.   Enough has been before said to show that it is not necessarily negligence for one to get on or off a train whilst moving slowly.   Although the plaintiff was not directed to get on, still it was for the jury to say whether he was guilty of contributory negligence in attempting to board the train.   He stood there at the place provided for receiving passengers and saw the train passing without stopping, and his conduct is to be considered in the light of these and the other circumstances.   It may be that plaintiff has stated his cause of action in his petition in such a way as to call for proof of more facts than he would be required to prove under a different declaration; but that does not help the defendant in sustaining the defense of contributory negligence.

Plaintiff complains of the action of the trial court in refusing to give this instruction:   " 6.   Although the jury should believe from the evidence that the plaintiff was negligent or careless in attempting to get on the moving train, yet if they further believe that the agents of the defendant, or either of them, in charge of the train, could have prevented the injury by exercising ordinary care, prudence and caution, by command or otherwise,   after   they   discovered   that plaintiff was attempting to get on the train, and that they failed so to do, then you will find for the plaintiff." '

This instruction is correct in the abstract, but we think the evidence in this case will not justify the giving of it. In *Swigert v. Railroad*, 75 Mo. 476, there was evidence to the effect that, though the conductor saw the plaintiff in the act of getting on the car, yet he started the train without giving the plaintiff time to get on. There is evidence here that the conductor saw plaintiff attempting to get into the caboose, but the train was then moving, and it does not appear that he could have then stopped it so as to have avoided the accident.

·  The case after all goes back to the failure of the defendant to stop the train at the platform, the place provided for receiving and discharging passengers, and contributory negligence on the part of the plaintiff. An instruction might well be given to the effect that if the plaintiff was warned by the men in charge of the train not to get on, and he attempted to get on while moving in spite of the warning, then he is not entitled to recover.

We see no objection to the general instructions on contributory negligence, not before set out.

The judgment is reversed, and the cause remanded for new trial. BARCLAY, J., absent. The other judges concur.