THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. CLARENCE MCELROY, *a Minor, etc.*

No. 15,119. (91 Pac. 785.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Tracks between Passenger-train and Platform— Duty to Licensees.* When a railroad company stops a passenger-train where other tracks are between it and the depot platform, the rights of people having business with such train, and the duty of the company toward them, are the same as if all the intervening space between the depot and the train constituted the platform.

2. ——— *Contributory Negligence.* Under such circumstances passengers and other persons rightfully there have a right to assume that they will be protected from danger by the company, and are under no obligations to anticipate and guard against the approach of other trains. The ordinary rule of "look and listen" does not apply to such a situation.

3. ——— *Injury to a Licensee.* A boy about eleven years of age was sent by his father to deliver a package to a passenger on a train which was expected to stop at the station. *Held,* that the boy, while engaged in making such delivery and returning to the station platform, was rightfully on the premises of the railroad company and entitled to be protected, at least by the exercise of ordinary care.

4. ——— *Running Trains between Platform and Standing Passenger-train.* When a railroad company causes a passenger-train to stop on a side-track, leaving other tracks between

it and the depot platform, it is negligence to permit another train to pass between such passenger-train and the depot at a high rate of speed and without giving warning thereof by ringing the bell, sounding the whistle, or otherwise, while business is being rightfully transacted with the standing train; and the company will be liable to any person rightfully there who is injured thereby.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed July 5, 1907. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*C. C. Coleman,* and *F. L. Williams,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: Clarence McElroy, a boy about eleven years of age, was struck by a passing engine on the railroad track of the plaintiff in error at the station of Aurora, in Cloud county, and was injured so that his left foot had to be amputated. He commenced this action in the district court of Clay county May 3, 1905, and recovered a judgment of $3000. The railway company brings the case here for review.

At the station of Aurora the north-bound passenger-train and the one going south pass each other. The north-bound train, as a rule, arrives first, and stops on a side-track, leaving the main track between it and the depot platform. Passengers leaving the train and those getting on are compelled to cross over the main track. If the train going south arrives before the north-bound train leaves, which it does ordinarily, no stop is made until reaching the depot platform. The plaintiff, on the occasion in question, was sent by his father, who was engaged in business at that place, to deliver a small package of merchandise to a passenger on the north-bound train. The boy delivered the package to the passenger while the train was standing on the side-track, and before he got across the main track

on his return he was struck by the engine of the train going south, as it was approaching the platform. No warning by whistle, bell or otherwise was given to indicate the coming of the train from the north. The plaintiff did not look or listen for the incoming train or take any care to avoid danger therefrom.

Much has been said in argument concerning the degree of care due from the company to the plaintiff, and upon the question of plaintiff's contributory negligence. Many special questions were submitted to, and answered by, the jury for the purpose of developing these propositions. In our view of the case, however, it will be unnecessary to consider all of the questions presented. Where a railroad company finds it necessary or convenient in the transaction of its business to have a passenger-train stop on a side-track, leaving one or more tracks between such train and the depot platform, that method may be adopted; but if it is, then, as between the company and other people, the entire space between the depot and the train must be regarded the same as if it all together constituted the platform.

One of the special questions presented to the jury in this case, and their answer thereto, reads:

"(29) Ques. If you find that the defendant, the Atchison, Topeka & Santa Fe Railway Company, was negligent, then state fully, first, in what respect it was negligent, and, second, what agent or employee was guilty of such negligence. Ans. First, because it allowed the main track next to the station to be used as a platform to transfer passengers, baggage, mail and express from the north-bound passenger-train, known as No. 307, to and from the station; that said company had no proper signals, alarms and safeguards at Aurora. Second, that the train crew of the south-bound train, No. 306, failed either to ring the bell or blow the whistle on approaching the station."

Under this finding of fact it will be unnecessary to consider the strict legal relation existing between the plaintiff and the company, or to define the exact degree of diligence due from the company to the plain-

18—76 KAN.

tiff. It is conceded that the plaintiff was rightfully where he received the injury, and that the company owed him at least reasonable and ordinary care. Under this conceded rule we think the case may be decided.

What constitutes ordinary care must always be determined from the circumstances of the situation being considered. In volume 1 of Thompson's Commentaries on the Law of Negligence, section 25, it is said:

"The care, caution and diligence required by the law is always measured by the circumstances of the particular case, and the rule of admeasurement is *the greater the hazard the greater the care required.*"

The situation presented in this case shows that the railway company, when it ran the train going south into the station, was chargeable with notice that its patrons and other people were scattered over the space between the depot and the other train, engaged as people are on such occasions—removing baggage, hurrying on and off the train, giving and receiving parting and welcoming salutations—and were generally in a state of confusion, which would make them less liable to notice the approach of danger and less prepared to avoid it than under ordinary circumstances. It knew that the people so situated had a right to feel secure and safe from any danger on account of the negligent operation of trains in their midst, and would feel entirely free from any necessity for the exercise of care or caution. These and other conditions always present upon such occasions constitute the situation by which must be measured the degree of care with which a person of ordinary caution and prudence would run a passenger-train among people thus engaged.

The conduct of the company in running its train at a high rate of speed, without warning of any kind, was culpable negligence. The plaintiff and others rightfully there were under no duty or obligation to anticipate and guard against negligence on the part of the railway company. They had the right to feel secure from injury on account of passing trains. They might rest

upon this feeling of security until warned or notified of danger. The ordinary rule of "look and listen" has no application to such a situation. When a railroad operates a train under such circumstances it assumes the peril. These conclusions result from the application of the most obvious and familiar rules of human conduct. (2 Shear. & Red. Law of Neg., 5th ed., § 525; 1 Thomp. Com. Law of Neg. §§ 25-31, 968 *et seq.*; 3 Thomp. Com. Law of Neg. § 2705; *Tubbs v. Michigan Central R. Co.,* 107 Mich. 108, 64 N. W. 1061, 61 Am. St. Rep. 320; *Terry v. Jewett,* 78 N. Y. 338; *Brassell v. N. Y. C. & H. R. R. R. Co.,* 84 N. Y. 241; *Denver, etc., R. R. Co. v Hodgson,* 18 Colo. 117, 31 Pac. 954.)

The judgment is affirmed.