S. A. COON, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

No. 16,489.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Duties of Shippers Accompanying Stock to Look and Listen before Crossing a Track.* Persons carried on a freight train on which their live stock is in transit, in going to and fro between the caboose and a depot, are not absolved from the duty of looking and listening when about to cross an intervening track, their obligation in that respect being greater than that of persons passing back and forth between a station platform and a passenger train that has stopped to receive and discharge passengers.

2. —————— *Injury to Passenger on a Freight Train — Contributory Negligence.* In a personal-injury action against a railway company there was evidence tending to show these facts: The plaintiff accompanied live stock in shipment; he was told to wait at a depot until a train arrived to which his cars were to be attached, and to be ready to take it there at any time; he saw it approaching on a track sixty feet away, and started toward it; in crossing an intervening track he was struck by a switch engine which was running three or four miles an hour, receiving the injury on account of which he sued; a shadow prevented the engine from being visible to him until it had reached a point within forty-five feet of the place of the accident, after which he could have seen it if he had looked, but he failed to do so. *Held*, that whether under the circumstances his failure to look constituted contributory negligence was a question of fact for the jury.

Appeal from Elk district court; GRANVILLE P. AIK-MAN, judge. Opinion filed April 9, 1910. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellant.

*Jackson & Darby,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The Atchison, Topeka & Santa Fe Railway Company appeals from a judgment in a personal-injury action brought against it by S. A. Coon. So far as material to the questions of law presented, the facts, according to his testimony and the findings of the jury, were as follow: He accompanied two cars of stock which he shipped from Howard to Kansas City, riding on a drover's pass. At about eight o'clock in the evening he reached Emporia, where his cars were to be attached to a train from the west which had not yet arrived. The conductor told him to wait at the depot, and he did so for more than an hour. He asked the train dispatcher when the train would be along, and was told to look for it at any time and to be there and ready to take it, as it would only wait about a minute. Presently he saw his train approaching and started for the track on which it was running, so as to take the caboose when it should be opposite the depot. This track was sixty feet from the door of the waiting room, and to reach it he had to cross another track, which was about twenty feet nearer. As he was crossing this nearer track he was struck by the tender of a switch engine backing in from the east and received the injuries on account of which he sued. By the light of an arc lamp he could have seen the tender if he had looked toward it after it had reached a point forty-five feet from the place of the accident. Beyond that limit the track was obscured by a shadow. The speed of the engine was not found, and estimates of witnesses varied from three or four miles an hour to as fast as a man could run.

The questions presented relate to contributory negligence. The principal objection to the judgment is based upon a portion of an instruction reading as follows:

"A passenger in necessarily traveling from a depot to reach his train and who is compelled to cross an intervening railway track belonging to the company over the road of which he is traveling as a passenger, if going the direct route and at the proper time and to take the proper train for him, is not compelled to look or listen before going over the track."

In so charging the jury the trial court applied to the facts of this case the rule declared in *Railway Co. v. McElroy*, 76 Kan. 271, the substance of which is that persons passing back and forth between a depot platform and a passenger train which has stopped to receive and discharge passengers are relieved from the obligation to look for an approaching train before crossing an intervening track. Many courts reject the rule in this form, holding that while a failure to look under such circumstances is not negligence as a matter of law, the jury may decide it to be negligence as a matter of fact. (See notes to the McElroy case in 13 L. R. A., n. s., 620, and in 123 Am. St. Rep. 134, 137; also, *Birmingham Ry. L. & P. Co. v. Landrum*, 153 Ala. 192, and *Dieckmann v. Chicago & N. W. Ry. Co.* [Iowa, 1909], 121 N. W. 676.) We are aware of no instance of the application of the rule to passengers on a freight train, and do not think it can properly be so applied. A freight train carries passengers only incidentally. Irregularity is to be expected in the time of its arrival at a station, the duration of its stay and its location during the interval. A person riding upon it for the purpose of caring for stock in transit may justly be required to take precautions for his own safety while going to and from the caboose that are not exacted of one passing between a depot platform and a passenger train.

"It is obvious . . . that the precautions required

of railway companies carrying passengers on freight trains, in affording them safe and convenient means to get on and off such trains, are not the same as those which are demanded in the case of passenger trains." (3 Thomp. Com. on L. of Neg., 2d ed., § 2904.)

If the engine which caused the injury was running at the rate of only three or four miles an hour, there was a considerable interval after it had emerged from the shadow during which by looking in that direction the plaintiff could have seen it before attempting to cross the track. Whether his failure to look at that time constituted negligence was the vital question in the case. By instructing the jury that one in his situation was absolved from the duty of looking, the trial court took this question from them and answered it in the negative. The remainder of the instruction did not in this respect modify the effect of the part already quoted. It read:

"But, nevertheless, it is his duty upon arriving at the track to cross over if there is no apparent danger, and he has no right when knowingly upon such track to linger thereon and neglect to use his judgment and faculties and close his mind and reason to all sense of danger, and if he does carelessly and negligently linger on the track, or carelessly and negligently walk along between the rails, and an injury follows to him by reason of such carelessness and negligence, when if he had used reasonable care he would not have been injured, then in such case he can not recover."

This allowed the jury to find that the plaintiff was chargeable with contributory negligence in having lingered on the track or in having walked between its rails, but not in having failed to look before attempting to cross it.

The railway company also contends that the court should have instructed in substance that if by looking up the track just before attempting to cross it the plaintiff could have seen the approaching engine his failure to do so would bar a recovery. A case might arise in which a passenger on his way to the caboose of

a freight train would be held to the same requirements that are imposed upon a traveler seeking to cross a railroad at a highway, but we do not think the situation here presented justifies so rigid a rule.  The plaintiff's shipping contract contained these provisions, among others, regarding his conduct:

"Will not be upon or attempt to cross any track while switching is being or is about to be done thereon, but will first use every effort to ascertain whether it is safe to go upon or across such track or tracks.  Will be advised that freight trains do not stop at stations or other places where it is usually made safe to alight from trains, . . . and will therefore not attempt to alight from the caboose or car . . . without first making careful examination . . . and first determine . . . that it is safe to step down."

These agreements serve to illustrate how the attitude of the passengers is affected by the character of the train on which he rides, but we do not perceive that they have a direct bearing upon the plaintiff's obligations under the facts already stated.

The judgment is reversed and a new trial ordered.