HAYTI DEVELOPMENT COMPANY, Appellant, v.
W. W. CLAYTON et al.

Division One, March 2, 1920.

1. **QUIETING TITLE: Under Old Section 650: Effect of Judgment.** Section 650, Revised Statutes 1899, contained no authority for a judgment affecting the title of persons not parties or privies. It did not authorize a judgment transferring the title of defendants to plaintiff; all that a decree in a suit under it could do, if properly brought, was to debar and estop the defendants, whether unknown heirs or devisees of a supposed record owner, and those in privity and claiming under them by subsequent deed or right, from setting 'up, as against the plaintiff and those claiming under her, the title in judgment in that suit. And especially is that the effect of such judgment, if the petition did not pray that defendants' title be transferred to plaintiff. All such a suit, under that statute, could decide was that the defendants had no title and that plaintiff had full title; the judgment did not vest in plaintiff a record title of the ancestor of the unknown heirs.

2. **ADVERSE POSSESSION: Conflict in Testimony.** Where plaintiff in the suit to quiet title and ejectment had no record title, and the evidence as to whether it used the property in connection with other property possessed by it to create title by adverse possession was in dispute, the finding of the trial court settles the question on appeal.

3. ————: **Laches.** The defense of laches is only applied to defeat a claim for equitable relief. Laches is not a bar to a claim made under a legal title.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty, Judge.*

AFFIRMED.

*Everett Reeves* and *Gallivan & Finch* for appellant.

(1) Where a common source of title is established by agreement or proof, plaintiff need not go back of such common source in making his case. Harrison Machine Works v. Bowers, 200 Mo. 235; Brown v. Brown, 45 Mo. 412; Fellows v. Wise, 49 Mo. 350; Butcher v. Rogers, 60 Mo. 138; Miller v. Hardin, 64 Mo. 545; Smith v. Lindsey. 89 Mo. 76; Finch v. Ullman, 105 Mo. 263; Worley v. Hicks, 161 Mo. 384; Charles v. White, 214 Mo. 211; Grattan v. Holliday-Klotz L. & L. Co., 189 Mo. 322. (2) The defense of laches and estoppel is only applied to defeat a claim for equitable relief. It is no bar to a claim made under a legal title. Kellogg v. Moore, 271 Mo. 189; Dunavant v. Cooperage Co., 188 Mo. App. 94; Haarstick v. Gabriel, 200 Mo. 249; Terry v. Groves, 258 Mo. 478; Lumber Co. v. McCable, 220 Mo. 182; Hayes v. Scholl, 229 Mo. 124; Chilton v. Nichie, 261 Mo. 243. (3) Plaintiff is not estopped by the acts or conduct of Laura Oates after the date of the deed of trust under which plaintiff claims title. McShane v. City of Moberly, 79 Mo. 41; Snyder v. Chicago, Sante Fe & Cal. Ry. Co., 112 Mo. 527; Zoll v. Carnahan, 83 Mo. 43; 16 Cyc. 779-80. (4) The defendants' grantor, having entered into possession of the premises in question, under plaintiff's grantor, cannot claim possession adverse to plaintiff, until some notorious and unequivocal act of exclusion occurred to give notice of an adverse claim. 1 Cyc. 1062; Lumber Co. v. Craig, 248 333; Realty Co. v. Realty Co., 245 Mo. 436; McCune v. Goodwille, 204 Mo. 339. (5) Possession of a part of the east half of the southwest quarter of Section 33, Township 19, Range 12, under color of title to the whole tract and exercising the usual acts of ownership over the same, was possession of the whole. Sec. 1882, R. for more than ten years by plaintiff, and those under whom it claims, vested the legal title to the whole tract in plaintiff. Truitt v. Bender, 193 S. W. 838; Nall v Conover, 223 Mo. 477; Plaster v. Grabeil, 160 Mo. 669; Crispen v. Hannavan, 50 Mo. 536; Pharis v. Jones, 122 Mo. 125.

*R. L. Ward* for respondent.

(1) Under Sec. 2535, R. S. 1909, to quiet title, it is the duty of the trial court to enter a judgment on behalf of the party showing the better title; and a title where one party is in the actual, honest possession, especially if that party is the defendant, should be quieted as between plaintiff and defendant, in defendant. Dowd v. Bond, 199 S. W. 956. (2) Plaintiff must make a prima-facie case showing the title in itself before it can become entitled to a decree declaring defendant's claim invalid. Heagy v. Miller, 187 S. W. 890.; Senter v. Lumber Co., 255 Mo. 602; Orchard v. Mining Co. 184 S. W. 1138; Skillman v. Clardy, 256 Mo. 297; Wheeler v. Reynolds Land Co., 193 Mo. 279. (3) Plaintiff not showing ten years actual possession of the 80 acre tract of land which this forty is a part; its failing to show the "usual acts of ownership" of this forty acres in question; and failing to show this forty was used in connection with the forty acres in possession as one farm or one tract, fails to prove title by limitation. Sec. 1882, R. S. 1909; Stone v. Perkins, 217 Mo. 586; Morgan v. Potts, 124 Mo. App. 379; Nall v. Conover, 223 Mo. 495. (4) Plaintiff having neither title by possession nor paper title, is driven to try to connect title by a decree determining title between Laura Oates and the unknown heirs of Tobias Bentley. But "a judgment, under Sec. 2535, R. S. 1909, quieting title does not have the effect of transferring to plaintiff, the title which the defendant therein previously held." Dunavant v. Pemiscot Land & Co., 188 Mo. App. 90; Powell v. Crowe, 204 Mo. 481; Weed Sewing Machine Co. v. Baker, 40 Fed. 56; 33 Cyc. 1384. (5) A party sought to be concluded by a former judgment must have been a party to both suits or actions. Dibert v. D'Arcy, 248 Mo. 617; Grimes v. Miller, 221 Mo. 636; Woods v. Smith, 193 Mo. 484; Pierce v. Pierce, 139 Mo. App. 419; Ives v. Kimlin, 140 Mo. App. 293; Abington v. Townsend, 271 Mo. 610.

BLAIR, P. J.—The petition contains two counts; one under Section 2535, Revised Statutes 1909, to quiet title, and one in ejectment. The land involved is the northeast quarter of the southwest quarter of Section 33, Township 19, Range 12, in Pemiscot County. The answer admits that respondents claim to own the land; avers they are and have been in possession at all times mentioned in the petition; avers appellant has no title, but that respondents own the land in fee simple, and prays that the title be ascertained and determined. A second count sets up the ten-year Statute of Limitation, and a third count pleads laches and estoppel and prays a decree of title in respondents and for general relief. The court found the issues for respondents, and adjudged that appellant had no title or interest in the land, and that respondents are the owners in fee thereof. This appeal was taken from that judgment. Other facts necessary to a determination of the case appear in connection with the discussion of the questions to which they are relevant.

I. Appellant attempted to show record title in itself. To this end it offered evidence which it contends proves that Tobias P. Bentley secured the record title November 17, 1857, by means of a warranty deed to him from John S. Wheeler and wife. Appellant claims, through mesne conveyances, under a trustee's deed under sale under a trust deed executed by Laura M. Oates, May 15, 1907. So far as concerns the question now being discussed, the record title of Laura M. Oates, and, therefore, the record title of appellant, depends upon a decree in a suit to quiet title which Laura M. Oates instituted April 6, 1907, against the unknown heirs and devisees of Tobias P. Bentley. The allegations of the petition in that suit brought it within Section 650, Revised Statutes 1899, as it then stood. That section authorized suits "to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of

*Decree Under Section 650.*

the parties severally in and to such real property.'' The prayer of the petition in that case was that ''the court will ascertain and determine the estate, title and interest of this plaintiff and said unknown defendants in and to said real estate, and that the court will define and adjudge and decree that plaintiff is the owner of said real estate in fee simple, absolute, and that said defendants, nor none of them, have no right, title, claim or interest in or to the same or any part thereof, and for such other,'' etc. The order of publication, whereby service was had upon the unknown heirs and devisees of Tobias P. Bently, was peculiar. It notified them that the ''object and general nature'' of the suit was ''to enforce and establish a lawful right, claim and demand to and against certain real estate, property within the jurisdiction of said court, to-wit, an action to try, ascertain and determine the respective parties plaintiff and defendants herein and to the following described,'' etc. Respondents in this case do not claim under the heirs and devisees of Bentley, nor under Laura M. Oates. The judgment in Oates v. The Unknown Heirs and Devisees of Tobias P. Bentley did not transfer the Bentley title to Laura M. Oates. It could not do so. The statute (Sec. 650, R. S. 1899), authorized no such relief; the petition prayed for no such relief, and the notice of publication did not advise defendants that a decree, having any such effect was being sought. That decree, if otherwise valid, debarred and estopped the unknown heirs and devisees of Bentley and those in privity and claiming under them by subsequent deed or right, from setting up, as against Laura M. Oates and those claiming under her, the title in judgment in that suit. It did not and could not affect the right of one neither party nor privy. There were no special equities authorizing either an order for a conveyance or a decree revesting title, or the like. It was a plain suit under the then statute, not to secure the Bentley title, but to secure a decree that the Bentleys had no title and that Laura M. Oates already had full title. In Lockwood v. Meade, 71 Kan. l. c. 741, answering a like contention, the

15—281 Mo.

court said: "But an ordinary decree quieting title against a defendant does not add his claim to that already possessed by the plaintiff. It effects no affirmative increase in the plaintiff's right. . It strengthens his title only in that it cuts off a source of attack. It brings to him no new and independent right which he may assert against a stranger to the suit. It adjudges that the defendant has no claim to the property— not that a claim which he has must be deemed to be transferred to the plaintiff. [Weed Sewing-machine Co. v. Baker, 40 Fed. 56; Harrigan v. Mowry, 84 Cal. 456.]" Other decisions are to the same effect. [Dunavant v. Cooperage Co., 188 Mo. App. 1. c. 90, citing 32 Cyc. 1384; Vandergrift v. Shortridge, 181 Ala. 1. c. 278; Elwert v. Reid, 70 Ore. 318.] Particularly is this true of a suit to quiet title under Section 650, Revised Statutes, 1899, since "there is no authority in that section for the court to do more than to ascertain and determine, define and adjudge the title, interest and estate of the parties severally in and to such real estate." [Powell v. Crow, 204 Mo. 1. c. 486.] It has been held (Wheeler v. Ballard, 91 Kan. 1. c. 361 ) that as between the parties the difference between a decree destroying a defendant's title for plaintiff's benefit and one transferring defendant's title to plaintiff is of no considerable importance; but the court was careful to point out, citing the Lockwood-Meade case, that it spoke only of a case in which "other parties are not involved." In this case respondents come within the term "other parties" as used in that decision. Therefore, though it be conceded Bentley had the record title from Wheeler, appellant is not, on this phase of the case, aided thereby, since it has proved conclusively it has not secured the Bentley title; has shown it has no record title; and it makes no other claim of record title as we read the brief.

II. Appellant claims title by adverse possession. It offered in evidence certain deeds which it relied upon as a chain constituting color of title. The first of these is dated in 1883. This is a sheriff's deed to Schult.

Next, a deed from Schult and wife to E. G. Rankin, dated January 1, 1884; deed from Rankin to T. P. Robinson, dated April 8, 1884; deed from T. P. Robinson to Schult, April 17, 1885; deed from Schult and wife to William Tarkington, dated November 3, 1897, and a deed from William Tarkington to Laura M. Oates, dated October 23, 1905. Respondents and their grantors have been in possession since the fall of 1907. This suit was brought in 1914.

*Adverse Possession.*

(a) As already pointed out, the Bentley decree, relied upon also in this connection, does not affect respondents. They were not parties, do not claim under any of the parties, and their interest was not in litigation or affected in any way.

(b) The oral evidence was undeniably conflicting upon the question of adverse possession of appellant's grantors. It is indisputable that appellant's grantors never had actual adverse possession of the requisite character of the land in suit for any ten-year period. Whether they used the property in such connection with other property of which they may have had such possession was in dispute. In such circumstances the finding of the trial court for respondents settles that question against appellant.

III. It is argued respondents went into possession in 1907 under Laura M. Oates. Appellant's evidence tends to show one George was the tenant of Laura M. Oates and sold out to Clayton. It is claimed Clayton thereby became the tenant of Oates and his possession was and is, therefore, not adverse. Respondents' evidence tended to disprove the contention of appellant. The finding of the court settled the conflict against appellant, and binds us.

*Purchase from Tenant.*

IV. We agree with the appellant that the defense of laches was not available to respondents in this case (Chilton v. Nickey, 261 Mo. l. c. 243) and that appellant

was not called upon to go back to the common source of
**Laches.** title. In view of the general finding of the court,
and the absence of instructions asked or given, the ques-
tions already discussed dispose of the case and render
unimportant the matters just mentioned. There is a
correct legal theory, supported by substantial evidence,
which justifies the finding against appellant's claim of
title. No question concerning the admission or rejection
of evidence or other procedural errors are urged in this
court.

This disposes of all the questions presented by the
brief. The judgment is affirmed. All concur.