**TEXAS & P. RY. CO. v. CATO.** (No. 3696.)

Court of Civil Appeals of Texas. Texarkana.
June 7, 1929.

Rehearing Denied July 4, 1929.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

J. A. R. Moseley, Jr., of Texarkana, and Jones & Jones, of Marshall, for appellee.

LEVY, J. (after stating the case as above). [1, 2] The appellant requested the court to direct a verdict in its favor, which request was refused. The fact is undisputed that the passenger train temporarily on track No. 1, so long as it remained coupled up, blocked access of a passenger on the depot platform to the train on track No. 3 placed there to receive awaiting passengers. Although the train that blocked such access was not a train owned and operated by the appellant company, yet in the exercise of care, as a duty due to the appellee, it was incumbent upon the appellant to so operate its train on track No. 3 that the passageway to it from the depot platform be not blocked by another intervening train. This duty might have been fully performed by holding the train on track No. 3 a reasonably sufficient time after the clearance of track No. 1, or by providing a passageway to the train on track No. 3 from the depot platform by timely and sufficient separation of the cars of the train on track No. 1. Ry. Co. v. Holloway, 71 Kan. 1, 80 P. 31, 114 Am. St. Rep. 462. It is a condition precedent to the exoneration of appellant

that it should have been in no fault in this respect. There is affirmative evidence in behalf of appellant that the cars of the passenger-train on track No. 1 were timely uncoupled and separated and a clear and sufficient passageway made to the train on track No. 3. The train was cut in twain about 7:15 o'clock, before the scheduled time of 7:30 o'clock for the train on track No. 3 to depart from the depot. The evidence of the appellee, though, tends to denial of this occurrence. But, in view of the great preponderance of the evidence in that respect, it may be assumed, for the moment, for the purpose of decision of the assignment of error, that the passageway through the train on track No. 1 was made. Although the obstruction was cleared and an open way made, yet such passageway was made at a point, not opposite the depot platform in front of the waiting room of the depot, but at a point "between the baggage and mail-cars and opposite the baggage-room" which was "about two car-lengths above the waiting-room." Such passageway was made, according to the evidence, not for the use of passengers, but primarily in order to allow the mail to be loaded on the train. The mail foreman testified: "The railway company did not cut this train until I requested it to be cut, and, the reason it happened to be cut that night was the fact that I requested it to be cut." At the point where the opening was made, the passageway was not observable, as the appellee testifies, from the depot platform in front of the waiting room, because of intervening obstructions. He said: "I walked right straight out of the station and within six or eight feet of the train that was on the track (No.1). I looked east and west. As it appeared then, as I looked at the train, I did not see any opening in the train at all. * * * I could see clear up, but could not see the engine. It was dark. I could not see beyond the express office on account of the tracks there." As appeared, there were mail and express trucks which may have obstructed a clear view of the opening in the train. In the absence of any direction or notice from appellant to appellee, as appears, that the opening had been made, and considering that such passageway, although timely made, was not obvious and apparent, whether appellant's negligence was the proximate cause of the injury, and whether appellee's attempt to board the train in the way and manner done was negligence on his part, were at least fair questions for the determination of the jury. In such circumstances stated, the company could reasonably have foreseen and anticipated that some of the waiting passengers would attempt to board the train on track No. 3 if it appeared that it could be conveniently done. The standing of the train there on track No. 3 ready to receive passengers and to leave on schedule time was, in a way, an invitation to passengers to board it by ways or routes around the train on track No. 1. The route taken by appellee to pass around the train on track No. 1 was not, as appears, such a way as that a person of ordinary caution would not necessarily have traveled. Though the immediate cause of the injury was the tripping of the appellee on the water box between the tracks, yet, if appellant, by omission of its own in failing to provide an opening in the train, occasioned the route taken, its negligence in so doing may be regarded, as the jury might find, as the proximate cause of the casualty overtaken by appellee as a probable consequence thereof.

▉ The appellant next contends there was error in predicating liability in negligence in failing to light the way pursued by appellee in going around the passenger train to board the train on track No. 3, and in permitting the water box located on that way to extend above the surface of the ground. Traveling, as appellee was, the way around the train on track No. 1 and east between tracks Nos. 2 and 3, to reach the place for taking passage on his train, the factual elements of its being in the nighttime and with no lights to enable him to choose his way in going down the space between the tracks, and coming to the water-box located in the space between said tracks and tripping on same, all bear upon contributory negligence vel non and the natural and probable consequence of the negligence or wrongful act of the appellant. In the circumstances, though, actionable negligence may not be predicated thereon. Davis v. Houston E. & W. T. R. Co., 29 Tex. Civ. App. 42, 68 S. W. 733; Louthian v. Fort Worth & D. C. R. Co., 50 Tex. Civ. App. 613, 111 S. W. 665. That which fixes the charge of negligence on the railroad company in the circumstances is that it did not provide access or opening in the intervening train for appellee to board the train on track No. 3, or in providing the opening at a point not visible and obvious to appellee from the platform of the depot and in failing to notify or warn him of such opening. The following cases bear, in principle, upon the circumstances: Ry. Co. v. Holloway, 71 Kan. 1, 80 P. 31, 114 Am. St. Rep. 462; Mayne v. Ry. Co., 12 Okl. 10, 69 P. 933; Ry. Co. v. McElroy, 76 Kan. 271, 91 P. 785, 13 L. R. A. (N. S.) 620, 123 Am. St. Rep. 134; Ry. Co. v. Daugherty (Ky.) 108 S. W. 336, 15 L. R. A. (N. S.) 740; Warner v. Ry. Co., 168 U. S. 339, 18 S. Ct. 68, 42 L. Ed. 491.

▉ The issue of negligence in failing to provide a free and unobstructed passageway being raised and not requested to be submitted to the jury, it must be regarded as waived. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Arrington v. McDaniel (Tex. Com. App.) 14 S.W.(2d) 1011. Therefore the finding by the court may not be regarded on appeal as a basis for judgment.

It is believed that the judgment must be set

aside as not warranted upon the grounds of negligence submitted to the jury, and the cause remanded for another trial; and it is accordingly so ordered.