## SMITH *vs.* CAUSEY.

[CASE TO RECOVER DAMAGES FOR INJURIES TO HOGS.]

1. *Admissibility of defendant's declarations.*—In an action on the case, to recover damages for injuries done to plaintiff's hogs, by defendant's children and servants, while driving them out of his field, the defendant's declaration, "that plaintiff's hogs were in the habit of running in his field, and that they should not do it any more", is admissible evidence for plaintiff, because it tends, though remotely, to show that the hogs which were injured belonged to plaintiff.

2. *Evidence confined to matters in issue.*—If the declaration alleges that the injuries complained of were done by defendant's children and servants, plaintiff cannot be allowed to prove injuries done by the defendant himself in person; and defendant's threats that he would kill the hogs are therefore inadmissible, because they tend to show that he did kill them.

3. *General objection to evidence, of which part is legal.*—A general objection to evidence, of which a part is legal, may be overruled entirely.

4. *What authorizes recovery by plaintiff.*—To authorize a recovery by plaintiff, in such an action, it is not necessary to prove that the particular act complained of, if done by defendant's children and servants in the performance of their duty and service, was commanded by the defendant; nor that the defendant's dogs were vicious, and that he knew it; nor that the injury was done entirely by the defendant's dogs.

5. *Unnecessary averment, if descriptive, must be proved.*—If the declaration alleges that the injury was done with the defendant's dogs, the averment, though unnecessary, cannot be disregarded, since it is descriptive of the cause of action.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JOHN GILL SHORTER.

This action was commenced in a justice's court, and was removed by the defendant, by appeal, to the circuit court. The plaintiff there filed a statement of his cause of action, in the nature of a declaration in an action on the case, to recover damages for injuries done to his hogs by the carelessness and negligence of the defendant's minor children, servants, and other employees, while engaged with defendant's dogs in driving them out of his field. The defendant pleaded "the general issue", in short by consent; and the cause was tried by a jury. Several questions as to the admissibility of evidence were reserved during the progress of

the trial, which will be readily understood from the opinion of the court. The defendant requested the following instructions to the jury: "1. That if there was no·proof that he commanded or' authorized the acts causing the injury complained of to be done, they must find for the defendant. 2. That if they did not believe from the evidence that his dogs were vicious, and that he knew that fact, they must find for defendant. 3. That if there was no proof that defendant commanded or authorized the act complained of to be done, or that he knew the vicious propensities of the dogs, they must find for the defendant. 4. That if they believed from the evidence that the injury complained of was done in part by other dogs. than those of defendant, they must find for the defendant." The court refused each one of these charges, and instructed the jury as follows: "That if they believe from the evidence that injury was done to plaintiff's hogs, and that such injury was caused by the negligence of defendant's children or servants, while engaged in driving out the hogs, and that it was made their business to drive out stock from the farm, they must find for plaintiff the amount of the damage proved, without reference to the ownership of said dogs, their vicious propensities, or defendant's knowledge of such vicious propensities."

The defendant excepted to these rulings of the court, and he now assigns the same as error, together with the rulings on the evidence.

E. C. BULLOCK, for appellant.

JAMES L. PUGH, contra.

WALKER, J.—An issue was made up between the parties. The plaintiff filed a declaration in trespass on the case, for injury done to his hogs by the minor children, servants and employees of the defendant, while engaged for the defendant in the business of driving hogs and other stock out of defendant's field. To this declaration the defendant pleaded not guilty, and upon that plea the trial was had. The rulings of the court, as shown in the bill of exceptions, are the only matters assigned for error.

The court permitted the plaintiff to prove a declaration of

the defendant, " that plaintiff's hogs were in the habit of running in his field, but that they should not do it any more, —that he would kill them." So much of this testimony as conduced to show that plaintiff's hogs " were in the habit of running in the defendant's field", and that " they should not do it any more", was admissible evidence, because it tended, though remotely, to show that the hogs which the servants of defendant injured in expelling them from the field were the property of plaintiff. Under the issue made up, the defendant's threats to kill the hogs were not competent evidence. It was testimony conducing to show, that the defendant killed the hogs. Under the declaration, plaintiff had no right to prove any other damages, than those resulting from the carelessness and negligence of the defendant's children and servants, in the business of driving and chasing hogs from the field. If the defendant injured the hogs himself, or his servants did so by his command, trespass would have been the remedy; and even if case were the remedy, there is no averment in the declaration which would justify the admission of such proof.—1 Chitty on Pleading, 131; Causey v. Smith, 22 Ala. 569.

The court, however, did not err in overruling the defendant's objection to the testimony above set forth, because the objection was a general one to the whole of it, while a part of it was legal.—Gibson v. Hatchett & Brother, 24 Ala. 201.

The defendant excepted to proof tending to show an injury done by him in person to the plaintiff's hogs. This proof was clearly outside of the issue before the jury, and inappropriate to the cause of action set forth in the plaintiff's declaration; and the court therefore erred in admitting it.

The gist of this action is, the injury resulting from the carelessness and negligence of the defendant's servants, while engaged in the employ and service of the defendant, that employ and service being the chasing and driving of hogs from the field of defendant; and it was not necessary, to sustain the action, that the particular act done in the performance of such duty was commanded by the defendant, or that the defendant's dogs were vicious, and he knew it. The declaration alleges that the injury was done with *defendant's* dogs. Under such a declaration, plaintiff could not recover

for injuries done by other dogs; but it would not follow, because a part of the injury was done by other dogs, that the plaintiff could not recover for the part of the injury done by defendant's dogs. From these considerations it follows, that the court properly refused each one of the four charges asked by the defendant.

The court erred in its charge to the jury, that the ownership of the dogs was immaterial. The plaintiff averred that the dogs were the defendant's; and, although this averment was unnecessary, yet, as it is descriptive of the tort complained of, it can not be disregarded. The tort alleged is an injury done by the servants with defendant's dogs. To allow a recovery for an injury done with other dogs, would be to set up by proof a cause of action different from that alleged, and of which the defendant had no notice.—1 Chitty on Pleading, 392; 1 Greenleaf, 63, 64, 65; Causey v. Smith, 22 Ala. 569.

For the errors which we have pointed out, the cause must be reversed, and remanded.