# Pryor *v.* Louisville & Nashville Railroad Co.

*Action for Damages by Brakeman, for Personal Injuries.*

1. *Defective coupling link as cause of accident.*—Where plaintiff sues for damages on account of personal injuries sustained while attempting to couple cars in the discharge of his duties as brakeman, alleging that the accident was caused by a defective link, the breaking of which caused the train to separate into two sections, and the evidence shows that, after the train had thus separated, he was walking in front of the rear section, intending to couple it with the front section, stumbled and fell, and was run over by the moving car in the rear, the defective link is not the proximate, but only the remote cause of the injury.

2. *Variance.*—Where the complaint alleges that the plaintiff was injured, while in the discharge of his duties as brakeman, by stepping into a hole on the railroad track. which caused him to stumble and fall in front of a moving car, and the evidence shows that the accident was caused by his stepping into a depression between the ends of two cross-ties, outside of the rails, there is, *it seems,* a fatal variance between the allegations and the proof.

3. ; *Contributory negligence in coupling cars.*—A brakeman on a railroad, who, in violation of a known rule of the company, goes on the track in front of a moving car, intending to couple it with another, stumbles and falls, and is run over by the moving car, is guilty of culpable negligence, which bars a recovery of damages on account of the personal injuries sustained.

Appeal from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Edwin Pryor, against the L. & N. Railroad Company, to recover damages for personal injuries sustained by plaintiff while in the discharge, as alleged, of his duties as brakeman; and was commenced on the 24th of December, 1887. The accident occurred on the 14th of February, 1887, at or near a station called Strassburg, and the injuries received by plaintiff necessitated the amputation of one of his legs. The complaint alleged, in a single count, that while plaintiff was acting as brakeman on one of the defendant's freight trains, being required to obey the orders of the conductor, a link coupling two of the cars together was broken, and the train thereby separated into two sections; that the conductor thereupon ordered him to couple them together again; that in attempting to do so, he "stepped into a hole in and upon said track of said road, which hole was unknown to him," and was thereby made to fall on the track, and was run

[Pryor v. Louisville & Nashville R. R. Co.]

over and injured; "that said link was defective and unsafe, and said link and hole rendered said train and said road unsafe to be used; that said injuries were caused by negligence of the defendant, its agents and servants, by permitting said hole to remain open, as well as by running its trains with defective links; all of which was unknown to plaintiff, and would have been known to defendant, its agents and servants, but for the want of proper care and diligence on their part." The only plea was not guilty, and issue was joined on it.

On the trial, as the bill of exceptions shows, the plaintiff, testifying on his own behalf, stated that, after the train had been broken in two, and the conductor had signaled him to make the necessary coupling, he picked up a coupling link which another brakeman had thrown to him, "and went with the link in his hand to place it in the drawhead of the car attached to the caboose, which was moving from two to four miles per hour, and stepped on the track about a car length in front of the moving section, when his foot was caught in between the ends of two cross-ties, which fastened and held his foot between them; that he then fell across the rail, and the moving car ran over his legs." He testified, also, "that he had no coupling-stick, at the time he was hurt, and never had one; that there was a rule of the defendant company requiring coupling-sticks to be used, and that the men who failed to use one were liable to be discharged; but this rule was not much observed, and he often saw couplings made by other men, in the presence of the yard-master and train-master, with their hands, and without the use of sticks." William Turner, another brakeman on the train at the time of the accident, testified on the plaintiff's behalf as to the circumstances under which the accident occurred, and further, as to the rule requiring the use of coupling-sticks, " that the conductor and the employès on the train did not enforce or conform to said rule; that it was usual on his line of road to couple with the hands; that the usual and customary mode of coupling on this road, as well as others, was to put the link in the moving car, and make the coupling when it moved up to the stationary car." During the examination of said Turner, plaintiff asked him, "if said road, at the place where the injury occurred, was in condition to be reasonably safe to employès of the road in coupling cars;" also, "if the road-bed, side-track and space between, at that place, was constructed, filled in and surfaced as is usual in railroads which are well built and skillfully constructed." The court sustained an objection by the defendant to each of these questions, and plaintiff excepted. The conductor of the train at the time of the accident, who was exam-

3

ined as a witness for the defendant, was allowed to state in answer to a question, against the objection and exception of the plaintiff, "that it was usual for well regulated and well constructed railroads to leave their tracks, at such places as this was, with the end of the ties resting on the surface of the ground, and not filled in between." The defendant read in evidence, also, a printed copy of the rules of said railroad, which was stuck up in the caboose of the train on which plaintiff was injured, and which forbade any one, under pain of suspension or dismissal, to attempt to couple cars with his hand, or to get in between cars in motion, in order to couple or uncouple them; and this evidence was admitted, against the objection and exception of plaintiff.

The above being "substantially all the evidence," the court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error, together with the rulings on evidence to which, as above stated, he reserved exceptions.

W. D. BULGER, for appellant.—(1.) No question as to contributory negligence is presented, the general issue being the only plea, which merely denied negligence on the part of the defendant. (2.) The evidence excluded by the court, as to the condition of well regulated railroads in the matter of dispute, was relevant and competent on the question of negligence; and if that evidence was properly excluded, the evidence on the same point offered by defendant was improperly admitted. If either ruling was right, the other was wrong. (3.) As to the duty of railroad companies to maintain their road-bed in proper condition, see *Railway Co. v. Bridges*, 86 Ala. 448; *Wilson v. Railroad Co.*, 85 Ala., 269; *Railroad Co. v. Jones*, 71 Ala. 487; 3 Amer. St. R. 237; 34 A. & E. R. R. Cases, 274. (4.) As to exceptions to the general rule requiring obedience to the regulations of a railroad company, see Patterson's Railroad Accident Law, 316, §296; 11 A. & E. R. R. Cases, 193; 3 Amer. St. Rep. 239. (5.) That the general charge ought not to have been given, see 49 Ala. 98; 44 Ala. 105; 47 Ala. 329; 67 Ala. 13; 70 Ala. 499.

HEWITT, WALKER & PORTER, *contra*.—(1.) The defective link which caused the train to separate, or break in two, was not the proximate cause of the injuries received, and no recovery could be had on account of it. (2.) The evidence showed no hole in the defendant's road-bed, and no recovery could be had on that averment. (3.) The plaintiff was injured while acting in

violation of a known rule of the railroad company, and his contributory negligence bars a recovery of damages.—Beach on Contrib. Negligence, 374, §141, note.

SOMERVILLE, J.—The alleged defects in the ways and machinery of the defendant, relied on in the complaint as grounds of culpable negligence, are two : (1) the defective link used in coupling the cars together, which broke and separated the two sections of the train ; (2) the existence of a hole upon the track of the railroad, stepping into which by the plaintiff contributed to the accident. It is perfectly manifest from the evidence, that the defect in the link, which resulted in its breaking, was not the proximate, but only the remote cause of the plaintiff's injury.

The complaint alleges the existence of a hole upon the railroad track, into which the plaintiff stepped, and was injured. The evidence, if we correctly interpret it, shows that the plaintiff was injured by getting his foot caught in between the cross-ties outside of the iron rails, and therefore off the track proper, and fell forward on the track just as the cars came together. The point where the accident occurred was near a depot called Strassburg. As the company was not under the same rule of duty to keep in good repair the road-bed on the outside of the rails, as on the inside, and between the rails, where the danger of collision with moving trains was more imminent, we incline to the opinion that there was a fatal variance between the allegations of the complaint and the proof in the case.

But, conceding that the fact of negligence in these particulars was proved as alleged, so as to obviate the question of variance, the contributory negligence on the part of the plaintiff was of so culpable a character as to be fatal to his right of recovery in the action. "It is contributory negligence of an aggravated character on the part of an employè," says Mr. Beach, "to disobey reasonable rules and regulations enacted to protect him from injury. If he is injured through such a gross and unwarranted disregard of his own safety, his remedy is gone. Such negligence is the most pronounced contributory negligence possible. It properly leaves the person injured by it wholly remediless."—Beach on Contributory Negligence, § 141, and cases cited in note 1.

This principle was applied to the case of a brakeman who was injured in coupling cars with his hands in violation of the company's rules, in *Georgia Pacific Railway Co. v. Propst*, 83 Ala. 518, where STONE, C. J., said : "If the plaintiff, either from a knowledge of the rules, or from observing the practice

of couplers, learned the rule or custom of the road, not to use the hand, but a stick in coupling, and, in disregard of such rule or custom, went on the track, between the cars, and attempted to couple with his hands; this would be contributory negligence, and would deprive him of all right to recover in this action." The rule thus announced is conclusive of the present case. The regulations of the company strictly prohibited the dangerous practice of coupling with the hands, and also going between the cars while in motion to make a coupling. Brakemen and other employès were required to use a stick in all cases for guiding the link on such occasions. A violation of this rule subjected the employè to suspension or dismissal from the service of the company. The plaintiff himself testified to the existence of such a rule, showing his knowledge of it. The rule was manifestly reasonable. His failure to observe it was such want of ordinary care as amounted to culpable negligence on his part, and this act of negligence was the proximate cause of his injury. His fault in this particular directly contributed to such injury. He himself thus became the author of the wrong of which he complains in this action, and this fact effectually bars his right of recovery.

The rulings of the court on the evidence all relate to the question of defendant's negligence. In the view we have last taken of the case, such negligence is admitted to exist. These rulings, therefore, if error, become error without injury to the appellant.

The judgment is affirmed.