# Birmingham Railway & Electric Company *v.* Brannon, Admrx.

*Action to Recover Damages for Personal Injury.*

[Decided February 13th, 1902.]

1. *Negligence; injuries caused by sudden lurch of street car; general charge.*—Where the injuries to plaintiff's intestate are ascribed in one count of a complaint to defendant's negligence in causing or allowing a "car to give a sudden lurch or other sudden motion," while plaintiff's intestate was engaged in or about boarding said car, and there is no evidence tending to show or justifying an inference that there was such sudden lurch or other sudden motion of the car, the general affirmative charge for defendant should be given, as to said count.

2. *Variance, what constitutes.*—Where a complaint alleges that plaintiff's intestate, when he was run upon or against, was between two cars, and the evidence shows that he was then under the rear of the two cars, there is a variance.

3. *Contributory negligence in getting on moving street car, while encumbered with bundles.*—A person is not guilty of contributory negligence as matter of law in getting on a street car, moving at a rate of speed of from two to five miles an hour, and while he is encumbered with bundles, and without grasping the hand-hold of the car, though, after being on the step, he caught the hand-hold with the hand which was furthest from it, the other hand being incapacitated by the packages he was carrying.

4. *Same.*—A charge is bad which declares as matter of law that
    it is not negligence for a passenger to attempt to board a
    street car in slow motion.

APPEAL from Jefferson Circuit Court.
Tried before Hon. A. A. COLEMAN.

WALKER, TILLMAN, CAMPBELL & PORTER, for appel-
lant ,cited *Cent. R. R. Co. v. Litchen,* 69 Ala. 106; *Rick-
ett's Case,* 85 Ala. 600; *Clay Case,* 108 Ala. 233; *Wat-
kin's Case,* 24 So. Rep. 394.

BOWMAN & HARSH and JNO. T. SHUGART, *contra,* up-
on the points considered by the court, cited *B. R. & E.
Co. v. Wildman,* 119 Ala. 548; *B. U. R. Co. v. Smith,*
90 Ala. 60; *H. A. & B. R. Co. v. Burt,* 92 Ala. 291; *B. R.
& E. Co. v. James,* 121 Ala. 120; *Watkins v. B. R. & E.
Co.,* 120 Ala. 147; s. c. 122 Ala. 678.

McCLELLAN, C. J.—Action for damages resulting
from personal injuries inflicted by the railway company
upon plaintiff's intestate causing his death. The first
count of the complaint ascribes the injury and conse-
quent death of intestate to the negligence of defendant's
servants in charge of an electric street car in causing
or allowing "said car to give a sudden lurch or other
sudden motion" while plaintiff's intestate was "engaged
in or about boarding said car." We have attentively
read and carefully considered the evidence adduced on
the trial, and the brief and argument of counsel for ap-
pellee wherein it is attempted to point out evidence in
support of the averments of this count, but we have
been unable to find in the transcript any evidence which,
in our opinion, tends to show or from which the jury had
a right to infer that there was any sudden lurch or other
sudden motion of the car while Brannon, the intestate,
was engaged in and about boarding it. And we there-
fore conclude that the trial court erred in its refusal to
give the 5th charge requested by the defendant, that
"if the jury believe the evidence they cannot find for the
plaintiff under the first count of the complaint."

In the second and third counts it is averred that Brannon in attempting to board the train fell or was thrown between two cars,, and that while he was so between said cars the defendant through its servant or agent so negligently conducted itself (2 count) in or about the management, etc., of said cars that the car or cars or a part thereof ran upon or against said intestate and so injured him that he died, or (3d count) recklessly and wantonly or intentionally caused the death of the intestate by recklessly and wantonly causing said car or cars or a part thereof to run upon or against said intestate and so injure him that he died. There was no evidence that Brannon was *between* the cars when he was run upon or against, but all the evidence concurs that he was then *under* the rear of the two cars composing the train. To say the least it would be well for the complaint to be amended in this connection.

The evidence was without conflict that the car was in motion when Brannon attempted to board it. The several witnesses estimated its speed at from two to five miles an hour. The jury of course had a right to find the minimum rate. We are not prepared to affirm as a conclusion of law that Brannon was negligent in attempting to get on the car, or in the manner of such attempt, though he was incumbered with bundles and got onto the step before grasping the handholds on the body of the car and the platform, or either of them, and though after being on the step he caught the rear-platform handhold with his left hand which was furthest from it, having to reach across his body to do so, his right hand being incapacitated by the packages he was carrying. But charge 3 given for plaintiff in this connection was bad in that it in effect declares as matter of law that it is not negligence for a passenger to attempt to board a street car in slow motion.

Leaving out of view the variance referred to above between the averments of the 2d and 3d counts as to Brannon being hurt while between the cars and the proof, we are of opinion that there was some evidence tending to support each of said counts, and that therefore with said variance eliminated by amendment it would not be

[Nashville, Chattanooga & St. Louis Railway v. Smith.]

proper to give the affirmative charge for defendant upon the whole complaint nor upon either the 2d or 3d count. We feel justified, however, in remarking that upon this record the evidence is so overwhelmingly against any fault on the part of defendant's servants that any verdict for plaintiff upon it should be set aside on proper motion.

We deem it unnecessary to treat in detail the numerous assignments of error.

The judgment of the circuit court will be reversed, and the cause will be remanded.