# Alabama Great Southern R. R. Co., *v.* Fulton.

*Damages for Personal Injury.*

(Decided April 7th, 1907.  43 So. Rep. 832)

1. *Railroads; Frightening Animals Near Track; Action; Evidence.*
   Under a count alleging that the engineer unnecessarily caused steam to be emitted from the engine, or the whistle thereof to be sounded, thereby frightening the plaintiff's animal, etc., there could be no recovery where the evidence undisputedly showed that the plaintiff was travelling upon a private road, and that the engineer, who had the entire charge of the engine, did not see the plaintiff and animal until after it had become frightened.

2. *Same; Pleading and Proof; Variance.*—A count alleging that the animal was frightened by noises made by the engine from escaping steam while the engine was approaching the road crossing, it not supported by proof that the noises were made by the engine after it had passed the crossing, and on being reversed was returning.

3. *Same; Willful Conduct; Injury; Compaint; Sufficiency.*—A count alleging that the engineer or other employees of the

railroad company, in ·charge· of the engine, saw, or could by ordinary diligence have seen, that the mule which plaintiff was driving was about to run away; that. the engineer or other employee in charge of the engine willfully continued to run said train in the direction of. plaintiff; and that, at or just before the train reached the point opposite or near to plaintiff, the engineer or other employee willfully or intentionally allowed a large quantity of steam to be recklessly emitted from the engine, or willfully or intentionally caused or allowed the whistle to be unnecessarily sounded, frightening the mule, etc., does not state a case of willful or intentional wrong.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by James Fulton against the Alabama Great Southern R. R. Co. for damages for personal injuries alleged to have been suffered because of the negligence of the employees of defendant in causing plaintiff's mule to run away, etc. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This action was brought to recover damages alleged to have been suffered by plaintiff by reason of the negligence of the defendant's employees. A full statement of the pleadings and facts necessary to an understanding of this cause can be found in a report of the case on pages 332 to 342, inclusive, of 144 Ala., and on page 283 of 39 South. On this trial, counts 3, 5, and 6 were not charged out, and the demurrers to them· were overruled. When the case was formerly here, the court had eliminated these counts by giving the affirmative charge as to them. These counts allege wanton and willful conduct on the part of the engineer, and in other respects are similar to counts 4 and 10, found in the statement of facts on pages 334, 335, 144 Ala., and page 283, 39 South., except that after the words, "at which said mule became much frightened and agitated," the balance of the count was struck out and the following added: "And plaintiff further avers that the engineer or other employees of the defendant in charge of said engine saw or knew; or by the exercise of ordinary diligence or care could have seen or known, that said mule

was about to run away and was becoming unmanageable, yet the said engineer or other employee willfully, wantonly or intentionally continued to run or move said engine in the direction of the plaintiff, and at or just before reaching the point opposite and near to plaintiff the said engineer or other employee willfully, wantonly, or intentionally caused or allowed a large quantity of steam or other substance to be unnecessarily or recklessly emitted or ejected from said engine, or willfully, wantonly, or intentionally caused the whistle of said engine to be unnecessarily sounded or blown, the sight and noise of which so frightened said mule that he did run away, and in consequence thereof plaintiff was violently thrown from said vehicle to the ground," etc. On this trial the court was requested to give the following charges for the defendant, which the court refused: Charges 1, 2, and 3 were the affirmative charges as to the fourth and tenth counts and the general affirmative charge. Charge 4 was the general charge as to the eleventh count. Charge 20 was as follows: "The court charges you, gentlemen of the jury, that, if your verdict should be for the plaintiff, you cannot assess any punitive or exemplary damages or smart money in his behalf and against the defendant. You can only find in his favor such damages as in your judgment will reasonably compensate him for his injury claimed in the complaint and shown by the evidence. There was verdict and judgment for the plaintiff in the sum of $1,250.

A. G. & E. D. SMITH, for appellant.—The demurrers to count 3 should have been sustained.—*A. G. S. R. R. Co. v. Fulton*, 39 So. 282; *Stringer v. Ala. Min. Co. et al.*, 99 Ala. 397; *A. G. S. R. R. Co. v. Linn*, 103 Ala. 134; *L. & N. R. R. Co. v. Sides*, 29 So. 798; *Haley v. K. C., M. & B. R. R. Co.*, 113 Ala. 640; *Prather v. W. W. T. Co.*, 14 Am. & Eng. R. R. Cas. 1, 15; *Hodges v. K. C., M. & B. R. R. Co.*, 43 Am. & Eng. R. R. Cas., 599; *Pratt C. & I. Co. v. Davis*, 79 Ala. 308; *C. & W. Ry. Co. v. Wood*, 86 Ala. 164; *McCauley v. T. C., I. & R. R. Co.*, 93 Ala. 356; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382; *Levin v. M. & C. R. R. Co.*, 109 Ala. 332; *So. Ry. Co. v. Bunt*, 131

Ala. 591; *Cent. of Ga. Ry. Co. v. Freeman*, 32 So. 778; *B'ham Min. R. R. Co. v. Jacobs*, 92 Ala. 187; *Jefferson v. B. Ry. & E. Co.*, 22 So. 546; *L. & N. R. R. Co. v. Anchors*, 22 So. 279; *G. of Ga. Ry. Co. v. Foshee*, 125 Ala. 199; *Martin v. M. & C. R. R. Co.*, 117 Ala. 367. The demurrers to the fifth count should have been sustained.— Authorities, supra. The demurrers to the sixth count should have been sustained.—Authorities, supra;*A. G. S. R. Co. v. Williams*, 146 Ala. 230. Written charge No. 1 requested by defendant should have been given.— *A. G. S. R. R. Co. v. Fulton, supra.* Written charge No. 2 requested by defendant should have been given.— *A. G. R. R. Co. v. Fulton, supra; Smith v. Causey*, 28 Ala. 655; 4 Mayfield's Digest, p. 456; *Hood v. Pioneer M. & Mfg. Co.;* 95 Ala. 461; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 6, 8; *Stewart v. Tucker*, 106 Ala. 319; *M. & E. Ry. Co. v. Culver*, 75 Ala. 587; *Warner Smiley Co. v. Cooner*, 31 So. 28. Written charge No. 5 requested by defendant should have been given.—*McCuen v. A. & V. Ry. Co.* (Miss.)18 So. 420. Written charge No. 15 requested by defendant should have been given.—*A. G. S. R. R. Co. v. Fulton, supra.* Written charge numbered 7 requested by defendant should have been given. —*Stanton v. L. & N. R. R. Co.*, 91 Ala. 382; *Levein v. M. & C. R. R. Co.*, 109 Ala. 332. Written charge numbered 19 requested by the defendant should have been given.—*A. G. S. R. R. v. Fulton, supra; Grimes v. State*, 105 Ala. 85; *Nevill v. State*, 133 Ala. 99. No punitive damages could be assessed in this case.—*C. of Ga. Ry. v. Lamb*, 26 So. 969; *So. Ry. Co. v. Bunt*, 131 Ala. 591; *Cent. of Ga. Ry. v. Freeman*, 32 So. 778; *Jacobs Case*, 92 Ala. 187; *Anchors Case*, 22 So. 279; *Jefferson Case*, 22 So. 646; *Stringer Case*, 99 Ala. 397; *Barker Case*, 96 Ala. 435; *Martin Case*, 117 Ala. 367; *Moorer Case*, 116 Ala. 642; *McGhee Case*, 23 So. 68; *Mitchell Case*, 32 So. 735; *Freeman Case*, 32 So. 779; *Prather Case*, 24 So. 836; *Burke Case*, 26 So. 947.

WARD & DRENNEN, for appellee.—No brief came to the Reporter.

TYSON, C. J.—When this case was here on former appeal, the principles controlling its determination were stated to be these: "The plaintiff, of course, had a right to be where he was and as he was when he was injured in consequence of his mule becoming frightened by defendant's train. But the road along which he had been traveling, and upon which it was his purpose to cross the railroad as soon as defendant's train or engine got out of the way, was not a public road. Therefore defendant's trainmen were under no duty to keep a lookout for him, but their duty in respect to him arose only after they became aware that his mule was becoming frightened by the engine, or the noises being made by the operation of the engine, they failed to use every means at hand which a man of ordinary care and prudence would have had recourse to, to allay the fright of the animal, such as abating the noises, stopping the engine, that being practicable, etc., and injury resulted from such failure to the plaintiff, the defendant would be liable in damages in this action."—*A. G. S. R. R. Co. v. Fulton,* 144 Ala. 340, 341, 39 South. 282. It was also held that it was a question for the determination of the jury, under the testimony as adduced upon the trial, whether the trainmen were negligent after discovering the fright of the mule, and also whether, "after becoming aware of the presence of the mule, with plaintiff in the vehicle to which it was hitched, and before there were any indications of fright in the mule, they caused the engine to emit unusual and unnecessary noises calculated to frighten a mule of ordinary gentleness, and which frightened the mule and caused the injury complained of." However, the testimony before us then was much fuller than is shown by the present record. In this record the testimony established without dispute that the engineer, who alone had charge of the engine, never saw the mule until after it had become excited or frightened. It follows, therefore, that charge No. 2, requested by defendant, relative to the fourth count of the complaint as amended, should have been given.

[Alabama Great Southern R. R. Co. v. Fulton.]

Furthermore there was a variance between the allegations of this count and the evidence with respect to when the noises were made by the engine which frightened the mule. The count in effect alleges that these noises were made while the engine was approaching the crossing; whereas, the testimony shows that the noises described in the count were made, if at all, after the engine had passed over the crossing and was returning after being reversed, in the direction of plaintiff. Under the testimony, however, it was open to the jury, to find that the engineer, after discovering the fright of the mule and plaintiff's peril, was negligent in not stopping the unnecessary noises, if they existed, created by the engine calculated to frighten the mule, and which did frighten it. Charges 1, 3, and 4 were therefore properly refused.

It appears by the record that a demurrer was sustained to counts 1, 2, 7, 8, and 9, and overruled as to counts 3, 5, and 6, after amendment. On former appeal a consideration of the sufficiency of the averments of these latter counts as amended was eliminated, because it was shown by the record that the court affirmatively charged the jury there could be no recovery upon them. No such action appears to have been taken with respect to them upon the trial from which this appeal is prosecuted. And it is now insisted that the demurrer interposed to each of them should have been sustained, and this insistence is well taken.—A. G. S. R. R. Co. v. Fulton, supra; Central of Ga. Ry. Co. v. Freeman, 134 Ala. 354, 32 South. 778; and authorities cited in brief of appellant's counsel. It was doubtless the purpose of these counts to charge a wanton or intentional wrong, and such seems to have been the court's construction of them, as shown by the refusal of charge numbered 20, requested by defendant. If it be assumed that they do so charge, the evidence did not support them.

Reversed and remanded.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.